# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NGUYEN HOOKER,<br><br>　　　　　　Petitioner,<br>　v.<br>SHERIFF KEVIN MCMAHILL, et al.,<br><br>　　　　　　Respondents. | Case No. 2:24-cv-01214-GMN-DJA<br><br>**ORDER** |

Counseled Petitioner Nguyen Hooker filed a Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2241.  This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1]  For the reasons discussed below, the Court orders Hooker to show cause why this Petition should not be dismissed because it is barred by the *Younger* abstention doctrine and because Hooker is not in custody.

## Background

Hooker challenges the subject matter jurisdiction of the Municipal Court of the City of Las Vegas.  Hooker is charged with Driving Under the Influence ("DUI") in a case that is currently pending. *City of Las Vegas v. Hooker*, Case No. C1231065.  He alleges that the prosecution of his DUI as a misdemeanor offense violates his federal due process rights.  The state court denied his state Petition for a Writ of Mandamus and the Nevada Court of Appeals affirmed the denial of relief.

## Discussion

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  The rule allows courts to screen and dismiss

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

First, the Petition improperly seeks federal judicial intervention in a pending state criminal proceeding. The *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case. *Younger*, 401 U.S. at 46.

Defendants in state criminal proceedings routinely allege that state charges violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Hooker's situation is not different in substance from any criminal defendant facing potential loss of constitutional rights—including the most fundamental right, to liberty—in a pending criminal prosecution.

Second, a federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing of the federal petition. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam); *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but rather who is in custody for some other reason, such as pretrial detention or awaiting extradition. *See White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004).

Although Hooker alleges that he is "in the custody of Sheriff McMahill of the Las Vegas Metropolitan Police Department," it does not appear that Hooker is in actual physical custody as a pretrial detainee. ECF No. 1 at 2. Although actual physical custody may not be required for subject-matter jurisdiction, Hooker has not shown that he was "in custody" within the meaning

of § 2241 when he filed the Petition. *See Maleng*, 490 U.S. at 490-492. Even as the Supreme Court has expanded the reach of the "in custody" requirement, it has consistently recognized a clear limitation: "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id*. at 492.

Therefore, the boundary that limits the "in custody" requirement is the line between a "restraint on liberty" and a "collateral consequence of a conviction." *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998). In general, courts hold that the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction and does not meet the "in custody" requirement. *Id*. *See also Dreemann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987) (per curiam).

## Conclusion

**IT IS THEREFORE ORDERED:**

1. Within 45 days of the entry of this order, Petitioner Nguyen Hooker must file a "Response to Order to Show Cause," showing cause in writing why this action should not be dismissed because it is barred by the *Younger* abstention doctrine and because Hooker is not in custody.

2. Failure to timely and fully comply with this order will result in the dismissal of this action without prejudice and without further advance notice.

DATED: August 12, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE