1

2

3                              UNITED STATES DISTRICT COURT

4                                    DISTRICT OF NEVADA

5    NGUYEN HOOKER,                                      Case No. 2:24-cv-01214-GMN-DJA

6                                    Petitioner,

7          v.                                            ORDER

8    SHERIFF KEVIN MCMAHILL, et al.,

9                                    Respondents.

10         Counseled Petitioner Nguyen Hooker filed a Petition for Writ of Habeas Corpus (ECF

11   No. 1) under 28 U.S.C. § 2241, challenging the subject matter jurisdiction of the Municipal

12   Court of the City of Las Vegas in Hooker's Driving Under the Influence ("DUI") case.  Before

13   the Court is Respondents' Motion to Dismiss (ECF No. 6), Motions for Leave to File an

14   Amended Response (ECF Nos. 9, 10), and Hooker's Motion to Strike (ECF No. 7).  For the

15   reasons discussed below, the Court grants Respondents' Motion to Dismiss, denies their Motions

16   for Leave to File an Amended Response as moot, and denies Hooker's Motion to Strike.

17                                        **Background**

18         In October 2020, Hooker was charged with DUI under LVMC 10.02.010 and NRS

19   484C.110. *City of Las Vegas v. Hooker*, Case No. C1231065.  Hooker filed a motion to dismiss

20   the criminal complaint for lack of jurisdiction, arguing that the $35 civil penalty in addition to

21   the $1000 fine enhanced his charge to a gross misdemeanor.  The Las Vegas Municipal Court

22   denied his motion to dismiss.  Hooker filed a Petition for Writ of Mandamus in state district

23   court and the state district court denied his Petition, finding that "the possibility of owing up to

24   $1035 does not make DUI-1st anything other than a misdemeanor." ECF No. 10-1 at 29.  The

25   Nevada Court of Appeals affirmed the state district court's ruling.

26         Hooker initiated this federal habeas proceeding. ECF No. 1.  He challenges the subject

27   matter jurisdiction of the Municipal Court of the City of Las Vegas.  He alleges that the

28   prosecution of his DUI as a misdemeanor offense violates his federal due process rights.  The

1    Court directed Hooker to show cause why his Petition should not be dismissed because it is

2    barred by the *Younger* abstention doctrine and because Hooker is not in custody. ECF No. 2.

3    Following his response to the order to show cause, the Court found that the issues in this matter

4    would benefit from further briefing.  Respondents move to dismiss the Petition because (1)

5    Hooker is not "in custody" for purposes of his petition, and (2) the Court should abstain from

6    intervening in the ongoing state court matter pursuant to *Younger v. Harris*, 401 U.S. 37, 53-54

7    (1971). ECF No. 6.

**Discussion**

9        A federal court does not have jurisdiction to provide habeas relief unless a petitioner

10    alleges that his conviction violated the Constitution, laws, or treaties of the United States. 28

11    U.S.C. 2254(a).  Section 2241 provides the authority for granting habeas relief to a person "who

12    is not in custody pursuant to a state court judgment" but, rather, who is in custody for some other

13    reason, such as pretrial detention or awaiting extradition. *White v. Lambert*, 370 F.3d 1002, 1004

14    (9th Cir. 2004).

15        Respondents move to dismiss the Petition because (1) Hooker is not "in custody" for

16    purposes for considering his petition, and (2) the Court should abstain from intervening in the

17    ongoing state court matter pursuant to *Younger*, 401 U.S. at 53-56. ECF No. 6.  Hooker argues

18    that he satisfies the "in custody" requirement for habeas corpus review because, although he is

19    released on his own recognizance, he is subject to release conditions.  In addition, he argues that

20    his claim of lack of subject matter jurisdiction is an exception to *Younger* abstention.

21        **I.    Younger Abstention**

22        The comity-based *Younger* abstention doctrine prevents federal courts from interfering

23    with pending state court criminal proceedings by granting injunctive or declaratory relief, even if

24    there is an allegation of a constitutional violation, unless there is an extraordinary circumstance

25    that creates a threat of irreparable injury. *Younger*, 401 U.S. at 53–54.  The United States

26    Supreme Court has instructed that "federal-court abstention is required" when there is "a parallel,

27    pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013);

28    *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from

1    granting any relief that would interfere with pending state judicial proceedings).  Injuries are

2    irreparable only if the threat to a petitioner's federally protected rights cannot be eliminated

3    through his defense of the criminal case. *Younger*, 401 U.S. at 46.

4         *Younger* generally requires that federal courts refrain from enjoining or otherwise

5    interfering with ongoing state criminal proceedings if three conditions are met: (1) state judicial

6    proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the

7    plaintiff has the opportunity to raise his federal constitutional concerns in the ongoing

8    proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432

9    (1982); *Dubinka v. Judges of Superior Ct. of State of Cal. for Cnty. of Los Angeles*, 23 F.3d 218,

10    223 (9th Cir. 1994).

11         The Court finds that the criteria for *Younger* abstention are met here. First, there is an

12    ongoing state-court criminal prosecution against Hooker.  Second, the state proceedings are

13    judicial in nature and implicate important state interests, namely administering the criminal

14    justice system. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering

15    their criminal justice systems free from federal interference is one of the most powerful of the

16    considerations that should influence a court considering equitable types of relief").

17         In addition, there is no indication that Hooker will be unable to raise his federal

18    constitutional concerns in the ongoing state proceedings.  Hooker's pretrial motion practice or

19    defenses at trial may eliminate any threat to his federally protected rights.  Defendants in state

20    criminal proceedings routinely allege that state charges violate their constitutional rights,

21    including fundamental rights, which makes this a regular occurrence, not an extraordinary

22    occurrence.  Despite his claim of lack of subject matter jurisdiction, Hooker does not present

23    facts that would justify an exception to *Younger* abstention.  Because he faces no extraordinary

24    or irreparable injuries, federal abstention is required at this time.

25    **II.    In Custody Requirement**

26         A federal district court may only consider a habeas petition if the petitioner was

27    in custody at the time of filing of the federal petition. *Maleng v. Cook*, 490 U.S. 488, 490-91

28    (1989) (per curiam); *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010).  Section 2241 provides

1    the authority for granting habeas relief to a person "who is not in custody pursuant to a state

2    court judgment" but rather who is in custody for some other reason, such as pretrial detention or

3    awaiting extradition. *See White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004).

4          Even as the Supreme Court has expanded the reach of the "in custody" requirement, it

5    has consistently recognized a clear limitation: "[O]nce the sentence imposed for a conviction has

6    completely expired, the collateral consequences of that conviction are not themselves sufficient

7    to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490

8    U.S. at 492.  The boundary that limits the "in custody" requirement is the line between a

9    "restraint on liberty" and a "collateral consequence of a conviction." *Williamson v. Gregoire*,

10   151 F.3d 1180, 1183 (9th Cir. 1998).  In general, courts hold that the imposition of a fine or the

11   revocation of a license is merely a collateral consequence of conviction and does not meet the "in

12   custody" requirement. *Id*. *See also Dreemann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987) (per

13   curiam).

14         Here, there is not a significant physical restraint on Hooker's physical liberty.  He must

15   notify the pretrial services unit of his contact information and his address, he must appear for all

16   court hearings, and follow release conditions, but he does not specify any further release

17   conditions. ECF No. at 11 at 8.  He does not identify any discernible impediment to movement

18   that typically satisfies the "in custody" requirement.  Accordingly, the Court finds that Hooker is

19   not "in custody" for purposes of federal habeas corpus.  The Court, therefore, grants

20   Respondents' Motion to Dismiss and dismisses Hooker's Petition without prejudice.

21         **III.    Motion to Strike and Motions for Leave to File Document**

22         Hooker requests that the Court strike Respondents' response to his Petition because it

23   included a Motion to Dismiss.  Respondents' request leave in an abundance of caution to file

24   their Motion to Dismiss in response to Hooker's Petition.  As provided in the Court's scheduling

25   order, Respondents were permitted to file a Motion to Dismiss in response to Hooker's Petition.

26   ECF No. 5.  Accordingly, the Court denies Hooker's Motion to Strike and denies Respondents'

27   Motions for Leave to File Document as moot.

28   ///

**Conclusion**

**IT IS THEREFORE ORDERED:**

1.  Respondents' Motion to Dismiss (ECF No. 6) is granted.  Petitioner Nguyen
    Hooker's Petition is dismissed without prejudice.

2.  The Clerk of the Court is kindly directed to enter judgment accordingly and close this
    case.

3.  A certificate of appealability is denied, as reasonable jurists would not find the
    dismissal of the federal petition to be debatable or wrong.

4.  Petitioner's Motion to Strike (ECF No. 7) is denied.

5.  Respondents' Motions for Leave to File Document (ECF Nos. 9, 10) are denied as
    moot.

DATED:  August 19, 2025

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

5