# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NGUYEN HOOKER,

Petitioner,

v.

SHERIFF KEVIN MCMAHILL, et al.,

Respondents.

Case No. 2:24-cv-01214-GMN-DJA

### ORDER

Counseled Petitioner Nguyen Hooker filed a Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2241, challenging the subject matter jurisdiction of the Municipal Court of the City of Las Vegas in Hooker's Driving Under the Influence ("DUI") case. Before the Court is Hooker's Motion to Alter or Amend (ECF No. 15) the order dismissing Hooker's Petition without prejudice. For the reasons discussed below, the Court denies Hooker's Motion to Alter or Amend Judgment.

### Background

In October 2020, Hooker was charged with DUI under LVMC 10.02.010 and NRS 484C.110. *City of Las Vegas v. Hooker*, Case No. C1231065. Hooker filed a motion to dismiss the criminal complaint for lack of jurisdiction, arguing that the $35 civil penalty in addition to the $1000 fine enhanced his charge to a gross misdemeanor. The Las Vegas Municipal Court denied his motion to dismiss. Hooker filed a Petition for Writ of Mandamus in state district court and the state district court denied his Petition, finding that "the possibility of owing up to $1035 does not make DUI-1st anything other than a misdemeanor." ECF No. 10-1 at 29. The Nevada Court of Appeals affirmed the state district court's ruling.

Hooker initiated this federal habeas proceeding. ECF No. 1. He challenges the subject matter jurisdiction of the Municipal Court of the City of Las Vegas. He alleges that the prosecution of his DUI as a misdemeanor offense violates his federal due process rights. The Court directed Hooker to show cause why his Petition should not be dismissed because it is

1

barred by the *Younger* abstention doctrine and because Hooker is not in custody. ECF No. 2. Following his response to the order to show cause, the Court found that the issues in this matter would benefit from further briefing.  Respondents moved to dismiss the Petition because (1) Hooker is not "in custody" for purposes of his petition, and (2) the Court should abstain from intervening in the ongoing state court matter pursuant to *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). ECF No. 6.

The Court granted Respondents' Motion to Dismiss, dismissing Hooker's Petition without prejudice and judgment was entered. ECF Nos. 13, 14.  Hooker now moves the Court to reconsider its dismissal order under Fed. R. Civ. P. 59(e), arguing that the Court overlooked that Hooker has no available or remaining state corrective remedies and that this Court's finding that Hooker was not in custody is based on a misunderstanding that Hooker has not been convicted. ECF No. 15 at 2.  In the alternative, Hooker requests that the Court issue a certificate of appealability. *Id*. at 3-4.

### Discussion

As the Ninth Circuit has recognized, "a Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources'." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citing *Kona Enters.*, *Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).  Absent highly unusual circumstances, reconsideration under Rule 59(e) is "available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016) (citing *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)); *see also Wood*, 759 F.3d at 1121 (citing *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir.1999) (en banc)).  Rule 59(e) motions "may not be used to 'raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation'." *Rishor*, 822 F.3d at 492 (citing *Herron*, 634 F.3d at 1111).

The Ninth Circuit has set forth criteria specific to evaluating a Rule 59(e) motion for reconsideration in a habeas case:

Accordingly, a district court presented with a motion for reconsideration in a habeas case must first determine whether the motion should be construed as a second or successive habeas petition: that is whether it seeks to raise an argument or ground for relief that was not raised in the initial habeas petition. If so, the district court should dismiss the motion without prejudice to allow the applicant to move in the Court of Appeals for an order authorizing the district court to consider the second habeas application. However, the district court may proceed to consider the merits of a Rule 59(e) motion that is filed within twenty-eight days of judgment and asks the court to correct errors of fact or law. As always, the district court will "enjoy [ ] considerable discretion in granting or denying the motion.

*Rishor*, 822 F.3d at 492 (quoting *Herron*, 634 F.3d at 1111).  The Court should construe a Rule 59(e) motion "as a second or successive habeas petition subject to AEDPA's restrictions" when it "raises entirely *new* claims," *i.e.*, when the motion (i) seeks to add a ground for relief not articulated in the original federal habeas petition, (ii) presents newly discovered evidence, or (iii) seeks relief based on a subsequent change in the law. *Rishor*, 822 F.3d at 492. "In contrast, a timely Rule 59(e) motion that asks the district court to 'correct manifest errors of law or fact upon which the judgment rests' should *not* be construed as a second or successive habeas petition." *Rishor*, 822 F.3d at 492.

The Court does not construe Hooker's Motion as a second or successive petition because it does not raise new claims.  Rather, the Motion attempts to provide additional reasons why this Court should not have granted Respondents' Motion to Dismiss

Nothing in Hooker's Rule 59(e) motion convinces the Court that it clearly erred in dismissing this action on the basis that Hooker is not in custody and based on federal abstention under *Younger v. Harris*, 401 U.S. 37 (1971).  The Court gave thorough consideration to its prior rulings.  Hooker's Motion does not cite, let alone attempt to comply with, the applicable legal standard.  He improperly attempts to take a "second bite at the apple" and makes arguments he should have raised in the first instance.  Hooker has not stated a meritorious reason to reconsider prior rulings and alter the judgment in this case. The request for reconsideration is therefore denied.

///

///

///

3

**Conclusion**

**IT IS THEREFORE ORDERED:**

1.  Petitioner Nguyen Hooker's Motion to Alter or Amend Judgment (ECF No. 15) is denied.

2.  A certificate of appealability is denied, as reasonable jurists would not find the dismissal of the federal petition to be debatable or wrong.

DATED:  March 3, 2026

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

4